FILED

DC 1 5 2022

Revised 07/07 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KiMBERly GEE
196 North Street Apt. 4C
BUFFALO, NY 14201
<u>Name(s) of Plaintiff or Plaintiffs</u>

**Jury Trial Demanded: Yes** ✓ **No** ____
22 CV 972 - ✓

-vs-

STAFFING SOLUTIONS ORGANIZATION, LLC
C/O DAVID KRONGARD KC
99 WASHINGTON AVE #1720 ALBANY, NY 12210
KC
<u>Name of Defendant or Defendants</u>

**DISCRIMINATION COMPLAINT**
_____-CV- _____

You should attach a copy of your **original  Equal Employment Opportunity Commission
(EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND**
a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint.  Failure to do
so may delay your case.
***Note:***  *Only those grounds raised in the charge filed with the Equal Employment Opportunity
Commission can be considered by the federal district court under the federal
employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that
apply)*:

✓ _____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17
(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race,
color, gender, religion, national origin).
> **NOTE:**  In order to bring suit in federal district court under Title
> VII, you **must first obtain a right to sue letter** from the Equal
> Employment Opportunity Commission.

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634
(amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of
1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE:**  In order to bring suit in federal district court under the Age
> Discrimination in Employment Act, you **must first file charges** with the
> Equal Employment Opportunity Commission.

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117
(amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE:**  In order to bring suit in federal district court under the Americans
> with Disabilities Act, you **must first obtain a right to sue letter** from the
> Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the
aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be
appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of
1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above,** you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

✓    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.    My address is: 196 North Street Apt. 4C
BUFFALO, NY 14201

My telephone number is: 917-312-8815

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: STAFFING SOLUTIONS ORGANIZATION

Number of employees: OVER 200

Address: 99 WASHINGTON AVE #1720
ALBANY, NY 12210

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: _____

Address: _____
_____
_____

## CLAIMS

4.    I was first employed by the defendant on (date): JANUARY 11, 2021

5.   As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
     _____SEPTEMBER 20, 2021_____

6.   As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any
     did): _SEPTEMBER 20, 2021, SEPTEMBER 24, 2021 — OCTOBER 28, 2021_
     _____
     _____

7.   I believe that the defendant(s)

     a. __✓____     Are still committing these acts against me.
     b. _____     Are not still committing these acts against me.
     (Complete this next item **only** if you checked "b" above)   The last discriminatory act
     against me occurred on (date) _____
     _____

8.   (Complete this section **only** if you filed a complaint with the New York State Division of
     Human Rights)

     The date when I filed a complaint with the New York State Division of Human Rights is
     _____
     _ (estimate the date, if necessary)

     I filed that complaint in (identify the city and state): _____
     _____

     The Complaint Number was: _____

9.   The New York State Human Rights Commission did _____ /did not _____
     issue a decision. (**NOTE**: If it **did** issue a decision, you **must attach** one copy of the
     decision to **each** copy of the complaint; failure to do so will delay the initiation of your
     case.)

10.  The date (if necessary, estimate the date as accurately as possible) I filed charges with the
     Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
     discriminatory conduct is: _SEPTEMBER 28, 2021_____

11.  The Equal Employment Opportunity Commission did _____ /did not
     _____ issue a decision. (**NOTE**: If it **did** issue a decision, you **must attach** one
     copy of the decision to **each** copy of the complaint; failure to do so will delay the
     initiation of your case.)

12.  The Equal Employment Opportunity Commission issued the attached Notice of Right to
     Sue letter which I received on: _SEPTEMBER 30, 2022_ . (**NOTE**: If it

                                       3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.   I am complaining in this action of the following types of actions by the defendants:

a. _____ Failure to provide me with reasonable accommodations to the application process

b. _____ Failure to employ me

c. ___✓___ Termination of my employment

d. _____ Failure to promote me

e. _____ Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. _____ Harassment on the basis of my sex

g. ___✓___ Harassment on the basis of unequal terms and conditions of my employment

h. ___✓___ Retaliation because I complained about discrimination or harassment directed toward me

i. _____ Retaliation because I complained about discrimination or harassment directed toward others

j. _____ Other actions (please describe) _____

_____

_____

14.   Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. ___✓___ Race                    f. _____ Sexual Harassment

b. ___✓___ Color                   g. _____ Age

_____ Date of birth

c. _____ Sex

h. _____ Disability

d. _____ Religion           Are you incorrectly perceived as being disabled by your employer?

e. _____ National Origin           ____ yes ____ no

15.   I believe that I was ___✓___/was not _____ **intentionally** discriminated against by the defendant(s).

4

16. I believe that the defendant(s) is/are _✓_ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _____
_____

17. **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE:** You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has not** issued a Right to sue letter
    _✓_ **has** issued a Right to sue letter, which I received on SEPTEMBER 30 2022

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

   SEE TYPED ATTACHED COMPLAINT DOCUMENT
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

## FOR LITIGANTS ALLEGING AGE DISCRIMINATION

20. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
    _____ 60 days or more have elapsed    _____ less than 60 days have elapsed

## FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM

21. I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

22. The date on which I first asked my employer for reasonable accommodation of my disability is _____

_____

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

_____

_____

____

24. The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 12/15/2022          Kimberly Gee _____

Plaintiff's Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**COMPLAINT**

Kimberly Gee
196 North Street Apt 4C                          **Case No. _____**
Buffalo, NY 14201
Plaintiff,

vs.

Staffing Solutions Organization, LLC
c/o David Hartnagel, Senior Legal Counsel
99 Washington Ave # 1720                   **JURY TRIAL DEMANDED**
Albany, NY 12210
Defendants,

_____/

Plaintiff, Kimberly Gee, by and through self as a pro se, as and for her

Complaint in this action against Defendants, Staffing Solutions Organization, LLC,

hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages based upon the Plaintiff's belief of Defendant's

unlawful employment violations and its unlawful retaliation against her after she

complained about unlawful discrimination in the workplace in violation of Title VII of Civil

Rights Act (Title VII) and the New York State Human Rights Law. Employment

discrimination under 42 U.S.C. § 2000e, et seq.; brought for enforcement and remedy

pursuant to 42 U.S.C. § 1981, as amended by the Civil Rights Act.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 as

this action may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985, as

amended by the Civil Rights Act of 1991, and any related claims under New York Law.

The employment contract was consummated in the Western District of New York

between the parties; the employment discrimination to be alleged, occurred herein,

occurred in this district.

## **FACTUAL ALLEGATIONS**

3. Plaintiff is a African American female and former employee of Defendant Staffing

Solutions Organization.

4. The Defendant hired the Plaintiff on January 11, 2021, as a part-time Contact Tracer,

and in this regard the Defendant allowed her to create her own weekly work schedule as

this job was 100% remote, therefore the Plaintiff worked from home.

5. Plaintiff also worked part-time at Residence Inn by Marriott just 2 days a week

occasionally on Saturdays and Sundays from 3:00 pm-11:00 pm. Plaintiff was promoted

to full-time by Defendant but maintained part-time employment at Marriott hotel. Before

the Covid pandemic, Plaintiff was full-time at Residence Inn by Marriott hotel but hours

were reduced to 2 days a week due to low occupancy during the pandemic. Working full

time was very important to Plaintiff and she finally thought she secured a job that paid

well by the Defendant and she loved it.

6. August 4, 2021, the Defendant promulgated new weekly schedule demands to force the Plaintiff to work four (4) weekend shifts. Plaintiff asked if the schedule could be 9am until 1pm only on Saturdays and Sundays to allow time to travel to part-time job at Marriott hotel, like other similarly situated Caucasian co-workers Sara Schreiner and Haley Rowe who were allowed to self-schedule their shifts during this same block of time on Saturdays and Sundays but this request was denied.

7. Plaintiff has a copy of the schedule where Defendant allowed Caucasian co-workers to schedule and worked a 9:00 am-1:00 pm shift that Plaintiff was denied.

8. September 18, 2021 Plaintiff asked for permission and it was approved by supervisor Nina D A'mico to work 9 am-3 pm shift from a private hotel room since her part-time job at the hotel was scheduled 3:00 pm-11:00 pm. Plaintiff's 9:00 am-3:00 pm shift ended and she logged off and walked to the front desk from the hotel room to begin the 3:00 pm-11:00 pm shift for Marriott hotel.

9. The Defendant allowed Contact Tracers to work outside of their home as long as they remained in the State of New York and somewhere private. Many of the Plaintiff's (Caucasian coworkers) had already utilized working outside of their homes from hotel rooms and other places as they shared this in group chats by photos and conversations with supervisors, the Plaintiff and other contact tracers. Plaintiff explained that she would not always be able to get a hotel room to work. Defendant gave Plaintiff an ultimatum to change schedule or quit. Caucasian co worker Taylor Pikul also worked another job on the weekend but was not subjected to the same treatment as Plaintiff. Caucasian race

co-worker Sara Schreiner verbally told Defendant how she planned her schedule around her personal life and she was not subjected to the same treatment as well.

10. September 20, 2021 Plaintiff reported to Defendant's Human Resources Nancy Whitacre to discuss thoughts of being racially discriminated against. Plaintiff also discussed the schedule differences from Caucasian co-workers. Lastly Plaintiff discussed how difficult it would be to work from the hotel because she could not always get a room and that the hotel did not have any other spaces to work from. Human Resources agreed to contact Plaintiff after consulting with supervisor but instead Plaintiff's supervisor Ms. D A'mico arranged a meeting without Human Resources and included all contact tracers and Plaintiff. Plaintiff was singled out during the meeting and asked why she had concerns regarding the schedule. Ms. D A'mico expressed she was upset (this is not the actual term used) that she was reported to Human Resources. After this meeting Caucasian co-worker Sara Schreiner called Plaintiff after work and informed her that "we all work places outside of our home". Ms. Schreiner instructed that Plaintiff "work contact tracing from hotel job and that her and Haley Rowe (Caucasian) would help Plaintiff out and answer her calls whenever she is busy at the hotel. Plaintiff told Ms. Schreiner that she would never do something like that and again Ms. Schreiner said "we all do it". She was promoted to supervisor when Plaintiff was terminated.

11. Another meeting was arranged with Plaintiff thereafter still without Human Resources but with Ms. D A'mico and her supervisor Ms. Sheila Cole. There Ms. Cole asked when did Plaintiff work from a "hotel lobby". Plaintiff explained that she did not work from a hotel lobby but from a private hotel room. Ms. Cole asked for the name of the hotel, the

General Manager's name, phone number, and address. Plaintiff provided all of the requested information. Plaintiff also sent this information to Ms. Cole via message the same day per Ms. Cole's request.

12. Plaintiff has a copy of this requested information from Defendant.
13. On September 24, 2021 Plaintiff was put on unpaid leave as Defendant alleged needing to investigate whether working from a "hotel room" was a violation of HIPAA. This seemed like de facto employment retaliation because many similarly situated co-workers worked remotely from a vast array of public locations on an ongoing and constant basis, whereas the Plaintiff was alone in a closed private hotel room in the same way as one might be alone in their house or apartment home.

14. Defendant arranged to contact Plaintiff on September 27, 2021 but Defendant did not contact Plaintiff to discuss the alleged HIPAA violation or arrange for Plaintiff to return to work on this day.

15. On September 27, 2021 Plaintiff contacted Equal Employment Opportunity Commission (EEOC) to discuss filing race discrimination.

16. On the morning of September 28, 2021 Plaintiff officially filed racial discrimination with EEOC making Plaintiff protected from employment discrimination and also protected from retaliation (punishment) for filing a charge or complaint of discrimination.

17. The Defendant contacted Plaintiff at 4:43 pm on September 28, 2021. The Defendant resolved their HIPAA investigation in the Plaintiff's favor on September 28, 2021. During the call Defendant informed Plaintiff that she did not violate HIPAA and could return to work. Plaintiff asked if she would get paid for the time off from work and Defendant

informed Plaintiff that she would get paid. Plaintiff was paid for the time off. Plaintiff again addressed her complaint of racial discrimination, schedule differences and informed Defendant that she had filed racial discrimination with EEOC. Defendant thanked Plaintiff.

18. Plaintiff also emailed Defendant in regards to the filing of racial discrimination with EEOC and Defendant responded to the email with a thank you. Plaintiff has a copy.

19. Defendant also asked if Plaintiff would be committed to working 4 weekend shifts a month. Plaintiff informed the Defendant that the Marriott hotel had worked with her to allow her to work Sundays and Mondays. Since Plaintiff earned so much more money working for Defendant than with Marriott hotel and she wanted to maintain that position with Defendant so she changed her schedule to meet the needs of Defendant. Plaintiff asked if Defendant would allow her to work every Saturday as that would complete their 4 weekend shift request; the Defendant agreed.

20. On September 30, 2021 Plaintiff had returned to work. She received an email from Defendant Ms. Sarah Reich. Plaintiff did not know her but she wanted to speak with Plaintiff and Plaintiff agreed. At the start of the meeting with Ms. Reich, she asked if Plaintiff would be committed to working the 4 weekend shifts. Although Plaintiff had already committed to this she informed Defendant that she was committed. Defendant asked if Plaintiff needed to address any concerns and Plaintiff was honest and wanted some clarification on why she could not make her schedule like her Caucausian teammates. Plaintiff felt as if this meeting was punishment because she complained of race discrimination as it was taking time away from her work. Although in a meeting Plaintiff was still sent contacts that needed to be called in a timely manner.  Defendant did

not have an explanation for the schedule issues or any of Plaintiff's concerns, but she informed Plaintiff that she would investigate and find out. Defendant agreed to contact Plaintiff in regards to the schedule.

21. On October 1, 2021 Defendant contacted Plaintiff via work email and stated that she "would like to follow up on Plaintiff's concerns in regards to the scheduling issue Plaintiff had addressed. However immediately at the start of the call Defendant informed Plaintiff that she would be put on unpaid leave again. Plaintiff was confused because there was not a reason she could think of for this unpaid leave for the 2nd time. Plaintiff was already investigated and cleared from any HIPAA violations. Plaintiff had also committed to the 4 weekend shifts. However, Defendant informed Plaintiff that they needed to "investigate whether working from a hotel room was a violation of HIPAA". This was the Plaintiff's first time meeting the Defendant Ms. Reich so Plaintiff assumed that she was not provided an update that Plaintiff had not violated HIPAA. However she was aware and Defendant told Plaintiff "just work at your Marriott hotel job tomorrow instead". Defendant wanted Plaintiff to quit and just work at the hotel although Plaintiff was not full time at the hotel and relied on the income she made working for Defendant.

22. All of the meetings were recorded by Defendant.

23. On October 7, 2021 Defendant contacted Plaintiff via email and asked Plaintiff to explain why she had "overlapping shifts" with the Marriott hotel. Plaintiff replied instantly and informed Defendant that she never had overlapping shifts.

24. Defendant never addressed the alleged HIPAA violation that Plaintiff was put on unpaid leave for the 2nd time on October 1, 2021. Instead the Defendant had a new

allegation. In the email Defendant displayed a list of shifts that they alleged that the Plaintiff worked. They alleged that Plaintiff worked those shifts and worked at Marriott hotel at the same time.

25. October 8, 2021 Plaintiff received a meeting request for 3:30 pm with Defendant and Plaintiff accepted to attend the meeting. At 10:53 am Defendant sent an email to Plaintiff asking that Plaintiff please meet with Defendant at 11:30 am. Plaintiff attended the meeting at 11:30 am.

26. At the very beginning of the meeting Defendant Shelley Kelley instantly told Plaintiff "we will not be recording this meeting". All meetings are always recorded by Defendant. Plaintiff did not know Defendant Shelley Kelley and had never talked to her before. Next she said "you have been committing fraud since the beginning of being hired. Plaintiff immediately replied that she never committed fraud in her lifetime. Defendant replied "yes you have been double dipping and working on the clock for 2 jobs". Plaintiff explained that it is impossible to work at the hotel and work another job because she is standing on her feet, answering phone calls and actually working face to face with guests at the hotel.

27. At the time of these allegations Plaintiff suffered from Uterine Fibroids which caused tremendous pain. Plaintiff was preparing for a serious medical procedure & Biopsy so her medical condition would not have even allowed her to work 2 jobs at the same time due to the pain. Plaintiff expressed her medical condition to Defendant and it was ignored.

28. From the list of dates that Defendant accused Plaintiff of working 2 jobs at the same time; from March 6-August 13, 2021; Plaintiff expressed that she was not working at the

hotel due to being in pain and worked strictly from home for the Defendant.

29. The Defendant was convinced that Plaintiff worked overlapping shifts. Defendant Shelley Kelley and Plaintiff continued to go back and forth while one said "yes you did" the other said "no I did not". Defendant Ms Reich intervened. Defendant Ms. Kelley stated that they would base their decision on information they have in regards to my employment status.

30. October 28, 2021 Defendant terminated Plaintiff's employment stating that Plaintiff did not cooperate with their investigation and answer their questions.

31. Plaintiff cooperated wholeheartedly with the Defendant's investigation. Defendant asked Plaintiff if she worked 2 jobs at the same time and Plaintiff replied that she never worked any 2 jobs at the same time. Plaintiff verbally answered the Defendant's questions and Plaintiff replied to the Defendant's email answering the same questions that were asked. Defendant would not accept the Plaintiff's responses to the questions asked. During the final meeting Defendant wanted Plaintiff to admit to working 2 jobs at the same time but Plaintiff remained truthful that she did not and will continue to be truthful.

32. Plaintiff also has all email communications from Defendant. The Defendant should have all recorded meetings.

33. Plaintiff also has witness statements from co-workers.

34. Plaintiff has a letter from the General Manager of the Residence Inn by Marriott.

35. Plaintiff has payroll documents from September 18, 2021 where Plaintiff only worked 1 job from 9:00 am-3:00 pm for Defendant. Plaintiff got off work at 3:00 pm. Plaintiff was a

few minutes late for 3:00 pm until 11:00 pm shift for Marriott but the payroll states 3:00 pm until 11:00 pm because Plaintiff had time to use to make up for being late for Marriott. However there were no overlaps in the schedule. One shift ended and another shift started.

36. According to management at the Marriott hotel the Defendant did not reach out to them after Defendant requested their information.


## **LEGAL BASIS**

37. The Plaintiff believes the Defendant subjected her to differing terms and conditions of employment and retaliated against Plaintiff for complaining about race based treatment by terminating her from her position, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

38. To establish a claim under 42 U.S.C. § 1981(a), a plaintiff must show '(1) that [she] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in § 1981 Cain v. Simon & Schuster, Inc., 11 Civ. 4460 (SAS), at *6-7 (S.D.N.Y. July 3, 2012)

39. Plaintiff's race is Black, therefore she is a racial minority, and the Plaintiff has set forth the facts, showing the Defendant's intent to prevent her from scheduling her own weekend shifts in the same regard as her similarly situated co-workers whose racial identities were "White", and subsequent to reporting such a disparity to the Defendant, retaliation soon thereafter commenced including suspensions, investigations prompted

for the purpose of harassing, and finally termination without any bona fide substantiated finding of any wrongdoing, poor performance, or bad conduct.

## **RELIEF SOUGHT**

Plaintiff ask that the Court enter judgment in her favor and against the Defendant, containing the following relief: a declaratory judgment that the actions, conduct and practices of Defendants complained herein violate the laws of the United States and the State of New York. An award of damages in an amount to be determined at trial, to compensate the Plaintiff for all monetary damages, punitive damages, non-monetary damages, front pay, back pay, and all taxable court costs. including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries and loss of career fulfillment.

WHEREFORE, Plaintiff seeks a jury trial with respect to the losses and damages as plead herein due to the racially motivated retaliation, harassment, discharge and termination of the Plaintiff by the Defendant.

Respectfully, this 15th day of December 2022.

Kimberly LayTona Gee

/s/ Kimberly L. Gee

196 North Street Apt 4C
Buffalo, NY 14201
Telephone: (917) 312-8815
kimberlylgee11@gmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Towers
300 Pearl Street, Suite 450
Buffalo, NY 14202
Phone: (716) 431-5007
Fax: butfaxmain@eeoc.gov

**Charging Party**
Kimberly Gee
196 North St., Apt 4-C
Buffalo, New York 14201

Re:   Charge No.: 525-2021-01650
      Kimberly Gee v. Public Consulting Group, Inc.

Dear Ms. Gee:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have evaluated your charge based upon the information submitted. You alleged that Respondent treated you differently and terminated you because of your race, in violation of Title VII of the Civil Right Act.

Respondent's position statement has been previously shared with you. You were given the opportunity to respond to Respondent's position. Based upon the evidence collected during the course of this investigation, the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Enclosed is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost. If you have any questions, please contact Investigator Stephanie Littlehale at stephanie.littlehale@eeoc.gov.

Sincerely,

**Maureen C. Kielt**  Digitally signed by Maureen C. Kielt
Date: 2022.09.23 16:22:37 -04'00'

Maureen Kielt
Direct, Local Buffalo Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Buffalo Local Office
300 Pearl St, Suite 450
Buffalo, NY 14202
(716) 431-5007
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/23/2022

**To:** Ms. Kimberly L. Gee
196 North St Apt 4-C
BUFFALO, NY 14201

Charge No: 525-2021-01650

EEOC Representative and email:      Stephanie Littlehale
Investigator
stephanie.littlehale@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

**Maureen C. Kielt**   Digitally signed by Maureen C.
Kielt
Date: 2022.09.23 16:23:14 -04'00'

Maureen C. Kielt
Director, Buffalo Local Office

**Cc:**
David Hartnagel
PUBLIC CONSULTING GROUP LLC
99 Washington Ave #1720
Albany, NY 12210

Kristi Rich-Winters
JACKSON LEWIS PC
677 Broadway, 9th Floor
Albany, NY 12207

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law.** If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 525-2021-01650 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION· | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 525-2021-01650 |

| NEW YORK STATE DIVISION OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. KIMBERLY L GEE | (917) 312-8815 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 196 NORTH ST, APT 4-C, BUFFALO,NY 14201 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| PCG CONTACT TRACING | Unknown | |

| Street Address | City, State and ZIP Code |
|---|---|
| 99 WASHINGTON AVE, SUITE 1720, ALBANY, NY 12210 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **09-01-2021**   Latest: **10-28-2021**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am Black/African American.**

**I began working as a contact tracer for Respondent on January 11, 2021. My position was entirely remote. We were allowed to make our own schedule. Around the beginning of August 2021, Respondent expected employees to start working a minimum of four shifts on the weekends. I informed Respondent that I had a second job and worked at the Marriott hotel between 3:00 p.m. to 11:00 p.m. on the weekends. I told Respondent that it would be difficult for me to make it from my home office to the Marriott after the morning shift because I was assigned to work until 3:00 p.m. I asked my supervisor and asked to work the 9:00 a.m. to 1:00 p.m. shift to accommodate my schedule. I also asked why Haley Rowe and Sara Schreiner (both white) were scheduled 9:00 a.m. - 1:00 p.m. on a Saturday, while I was told I could not schedule myself to work 9:00 am -1:00 p.m. My supervisor refused to consider my request to work until 1:00 p.m.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Kimberly L Gee on 12-23-2021 11:00 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2021-01650 |

| NEW YORK STATE DIVISION OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

In order to accommodate my schedule, I got permission from Respondent (my PCG supervisor Nina D'Amico) to work for Respondent in a private Marriott hotel room between 9:00 a.m. and 3:00 p.m. on September 18, 2021. Several other employees (white) were permitted to work remotely at locations outside of their home including a hotel room. The location just needed to be in the State of New York, private and on a secure network. However, on or around September 24, 2021, I was put on leave until September 28, 2021 as they alleged that I violated HIPAA by working from a hotel room on September 18, 2021, despite the fact that I had permission to work remotely at the hotel. This leave came after I complained of race discrimination to my supervisor and her supervisor in regards to the schedule.

On or around September 28, 2021, I expressed again to Sheila Cole (my supervisor's Supervisor) and Nancy Whitacre (Human Resources Representative) that I felt I was being racially discriminated against. Respondent failed to take any meaningful action thereafter. I was returned to work because Respondent found that I had not in fact violated HIPAA. I had changed my schedule at the hotel to work Sundays and Mondays now instead of Saturdays and Sundays so I could commit to the 4 weekend coverage a month on Saturdays between 9:00 a.m. and 7:00 p.m.

On September 30, 2021, I consulted with HR representative Sarah Reich who said that she would look into why I was told I could not work a 9:00 a.m. - 1:00 p.m. shift as the other 2 co workers (white) were allowed. On 10/1 Ms. Reich returned my call and instead of discussing my concern about the schedule she put me on another unpaid leave without a valid explanation. I met with Shelley Kelley on or around October 8, 2021, at Respondents request because they were now accusing me of working two jobs on the clock at the same time. I informed her at that meeting that I had never worked two jobs at the same time and explained how difficult that would be for anyone considering the work I do at the hotel. She continued to say I was working two jobs, despite my honest and credible statements. She suggested I have an attorney consult with them but stated if I did not get an attorney that they would go off the information they already had and determine the status of my employment. Respondent refused to listen to me and placed me on leave again on October 8, 2021. Respondent then terminated my employment on October 28, 2021.

I believe Respondent subjected me to differing terms and conditions of employment and retaliated against me for complaining about race based treatment by terminating me from my position, in violation of Title VII of the Civil Rights Act

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Kimberly L Gee on 12-23-2021 11:00 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EEOC (INQUIRY) NUMBER: 525-2021-01650

## **Inquiry Information**

### **REASON(S) FOR CLAIM**

**Date of Incident (Approximate):** 09/20/2021

**Reason for Complaint:** Race

**Pay Disparity:**

**Location of Incident:** New York

**Submission (initial inquiry) Date:** 09/28/2021

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:** N/A

**Charge Number:** N/A

**Claim previously filed as complaint with another Agency?** No

**Agency Name:** N/A

**Approximate Date of Filing:** N/A

**Nature of Complaint:** N/A

### **INQUIRY OFFICE**

**Receiving:** Buffalo Local Office

**Accountable:** Buffalo Local Office

### **APPOINTMENT**

**Appointment Date and time:** 01/03/2022 09:00 AM US/Eastern

**Interview Type:** Phone

### **APPROXIMATE DEADLINE FOR FILING A CHARGE:** 07/18/2022

### **POTENTIAL CHARGING PARTY**

**First Name, Middle Initial:** Kimberly, L

**Last Name:** Gee

**Street or Mailing Address:** 196 North St - Apt 4-C

**Address Line 2:**

**City, State, Zip:** BUFFALO, NY, 14201

**Country:** UNITED STATES OF AMERICA

**Year of Birth:**

**Email Address:** kimberlylgee11@gmail.com

**Home Phone Number:** (917) 312-8815

**Cell Phone Number:** (917) 312-8815

## RESPONDENT/Employer

**Organization Name:** PCG CONTACT TRACING

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Street or Mailing Address:** 99 WASHINGTON AVE STE 1720

**Address Line 2:** SUITE 1720

**City, State, Zip Code:** ALBANY,NY, 12210

**County:** Albany

**Phone Number:**

## RESPONDENT CONTACT

**First and Last Name:** Nancy Whitacre

**Email Address:** nwhitacre@pcgus.com

**Phone Number:**

**Title:** Human Resources Director or Owner

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Street or Mailing Address:**

**Address Line 2:**

**City, State, Zip Code:**

**County:**

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** F

**Disabled:** I do not have a·disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** Black or African American,

**National Origin:** American(U.S.)

## Adverse Action(s)

I am black and my employer is allowing my White coworkers to work 9-1:00 pm shifts and told me I could not. I work another job 3-11:00 on Saturdays and Sundays. She gave me an ultimatum. I contacted HR. My supervisor came into a meeting and yelled "I am pissed" and went on to say that someone threatened to call HR. Ms. D'Amico and Ms. Cole called me on 9/24 and suggested that I decide by 9/27 if I planned to continue working for the company. 30 min Ms. Cole called me again and questioned me about working from a hotel. My supervisor had approved of this but all of a sudden due to calling HR on her they wanted to terminate me because of it. ?She accused me of working both jobs at the same time which was untrue. My coworkers work in other places. On Friday they told me to log out of everything and not to return to work on Monday until she talked to HR. They did not call. At 4:43 pm today 9/28 I had a meeting with them. I believe that I have been discriminated against because of my race.

# Supplemental Information

## What Reason(s) were you given for the action taken against you?

I reported to my employer I submitted an inquiry of racial discrimination on 9/28. On 9/30 I emailed a formal written notification of my complaint to my employer due to continuously been harassed by them. On 10/1 I was put on unpaid leave by HR Sarah Reich she stated "in order for us it's standard protocol when we are looking into all these different kinds of variables and we have all these different things we need to look into"... I could not comprehend a single reason from that due to the repetition of the items in quotes. On 10/28 I was accused of working 2 jobs at the same time and not cooperating or answering questions for an investigation.

## Was anyone in a similar situation treated the same, better, or worse than you?

I was accused of violating HIPAA after getting permission from my supervisor Nina D A'mico to work a shift 9:00 am until 3:00 pm from a hotel room. Jerry Sutter a White male co worker reported to me that he worked from a hotel room. My supervisor stated to me that if I was in the state of NY, secure Internet and documents out of

view of 3rd parties she approved this shift that I needed to work from a hotel room. But later accused my of a violation and put on leave for 2 days. Jerry Sutter was not put on leave, reprimanded or terminated. I was denied to work a 9:00 am until 1:00 pm shift when i viewed the schedule Haley Rowe and Sara Schreiner both white females were scheduled to work 9-1 and I was told I could only work 9-3, 9-6, 9-7, 10-6, 10-7 or 3-7 and no 9-1 shifts. During a meeting my supervisor singled me out and asked me a question as I answered she muted me from speaking further. My white co worker Sara Schreiner disrespectfully spoke out during this meeting and was not reprimanded. My supervisor praised her. When I reported that I was muted my supervisor Supervisor Sheila Cole stated "I would have muted you too".

**Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.**

Jerry Sutter 716-588-0660 he will confirm that he was given permission to work from a hotel room and was not reprimanded, put on an unpaid leave, investigated or terminated. He will also confirm that upon being hired by the agency it was stated that as long as we are in the State of NY, secure Internet and documents out of the view of 3rd parties we are allowed to work in other areas outside of our home.


Since I was accused of working 2 jobs at the same time I can have payroll from my other job submit payroll timesheets. My shift was 9:00 am until 3:00 pm. When that shift ended I logged out and walked to the front desk from the room to start my other shift to start at 3:00 pm until 11:00 pm. This is not an overlapping shift. 1 shift ended and the other shift started.

**Please tell us any other information about your experience?**

This experience has been very stressful. They have accused me of not cooperating or answering any questions. Every question I have been asked I professionally answered with respect not only verbally over the phone but also via email. They refuse to accept any of the responses I have provided. I was interrogated and asked the same questions over and over with the expectation that my responses would change. I have been racially discriminated against, accused of committing fraud, retaliated against and wrongfully terminated.

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

22 CV 972

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KIMBERLY GEE | STAFFING SOLUTIONS ORGANIZATION, LLC |
| **(b)** County of Residence of First Listed Plaintiff ERIE<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant ALBANY<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>PRO SE | Attorneys *(If Known)* KRISTI RICH-WINTERS<br>JACKSON LEWIS<br>677 BROADWAY, 9TH FLOOR<br>ALBANY, NY 12207 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☑ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C § 2000e-5  TITLE VII
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                    DOCKET NUMBER

DATE 12/15/2022
SIGNATURE OF ATTORNEY OF RECORD  KIMBERLY GEE PRO SE

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.